Nathaniel R. SANDERS, Petitioner—Appellant,

v.

Leslie RYDER, Respondent—Appellee.

No. 01–35654.

D.C. No. CV–00–01337–MJP.

United States Court of Appeals, Ninth Circuit.

Submitted May 6, 2002 *.

Decided May 10, 2002.

Before RYMER, McKEOWN and GOULD, Circuit Judges.

## MEMORANDUM **

Nathaniel Sanders, a Washington state prisoner, appeals the denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction by jury trial for first degree assault, attempting to elude a pursuing police vehicle, and unlawful possession of a firearm. We affirm.

Whether or not the Magistrate Judge properly found sua sponte that Sanders had failed to exhaust his jury instruction

---

* The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

claim in state court and that the claim was procedurally defaulted, Sanders' jury instruction claim fails on the merits because Sanders points to no constitutional error.

Sanders contends that the trial court violated his Sixth Amendment right to confront witnesses by not allowing him to question a key State's witness, Kenneth Agan, concerning Agan's prior drug activity, Agan's relationship with gang members, and Agan's possession of a laser sight for a gun. As noted by the state appeals court, defense counsel was allowed on cross examination to question Agan regarding his prior drug use, his involvement in the drug trade, his familiarity with guns and laser sights, and the immunity he was offered for his testimony. Only in one area, which was a collateral matter regarding gang connections of a person known as "G Mike," did the court limit the scope of cross-examination of Agan. Although Sanders has quoted Supreme Court cases on witness bias, the state trial court's rulings did not violate the clearly established principles therein. 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 379, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The state trial court did not abuse its discretion in reasonably limiting the scope of cross examination, and no constitutional violation was caused thereby. *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2). Accordingly, the Government's motion to submit without argument is granted.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.